167 N.J. Super. 12 (1979)
400 A.2d 490
RICHARD V. HANDABAKA, APPELLANT,
v.
DIVISION OF CONSUMER AFFAIRS, DEPARTMENT OF PUBLIC UTILITIES, DEPARTMENT OF CIVIL SERVICE AND ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 5, 1979.
Decided March 15, 1979.
Before Judges FRITZ, BISCHOFF and MORGAN.
Mr. Richard V. Handabaka, appellant, argued the cause pro se.
Mr. Peter J. Calderone, Deputy Attorney General, argued the cause for respondents (Mr. John J. Degnan, Attorney General of New Jersey, attorney; Ms. Erminie L. Conley, *13 Assistant Attorney General, of counsel; Mr. Henry D. Blinder, Deputy Attorney General, on the brief).
PER CURIAM.
The erratic procedural course taken by this matter, clearly attributable to the pro se appellant's unfamiliarity with legal matters, commenced with an action in the Superior Court wherein appellant, a job applicant for a Civil Service appointment for which he qualified by examination, sought from respondents, Department of Public Utilities and Division of Consumer Affairs, appointment to the position of Auditor 3 or Accountant 3, the displacement of provisional employees serving in the positions to which he sought appointment, money damages and an order adjudging respondents guilty of negligence and willful failure to enforce the Civil Service laws. The action was dismissed for failure to exhaust administrative remedies, that is, appeal through the Civil Service system, and the case was remanded to the Civil Service Commission for administrative review of appellant's allegations. Appellant took this appeal from that order of dismissal and remand. Thereafter, however, and while his appeal was pending in this court, appellant received an administrative review of his allegations before the Department of Civil Service, with a result unfavorable to him. Appellant, however, failed to take an appeal from this latter administrative determination, apparently resting content with the appeal from the order of dismissal then pending. Because of appellant's unfamiliarity with the intricacies of court procedure and because we perceived a possibly cognizable invasion of appellant's legitimate interests, we elected to disregard procedural irregularities, hear the matter on its merits, and solicited supplemental briefs from all parties.
Central to our concern was the alleged practice by the Department of Civil Service of retaining provisional employees for substantial periods of time in excess of that permitted by N.J.S.A. 11:10-3 in positions for which there existed fully qualified applicants such as appellant, available for and desirous of appointment. We have now been informed *14 that all of the provisional employees about whom appellant complained have been discharged and the positions to which appellant desired appointment have been filled with permanent employees in accordance with all requirements of the Civil Service rules. Moreover, on oral argument, appellant advised us that he no longer desires appointment to the level of job for which he qualified and to which he had originally sought appointment. Quite obviously, the matter, as to appellant, has become moot and any extended analysis of his extensive attempts to obtain appointment following his qualification by examination becomes unnecessary. He neither seeks relief nor is any available to him.
Nonetheless, appellant's dilemma is undoubtedly not unique, and because time would probably render similar matters moot before appellate review became possible, we would be remiss in not commenting upon the practice, and the asserted necessity therefor, which focused our attention on appellant's problems.
The Department of Civil Service is, of course, fully aware of the limitation on the length of time for which a provisional employee may be employed. N.J.S.A. 11:10-3 unequivocally prohibits any provisional employee from serving more than four months as such in any one fiscal year. Nonetheless, and as the Deputy Attorney General candidly admitted during oral argument of this cause, that limitation has not always been honored. Although we have not been advised of the total number of such employees, we were advised that their numbers are substantial, and that many of them have served for considerably longer periods of time than permitted by statute. Expediency and necessity are offered as the reasons for the breach.
We are far from unsympathetic. Wholesale dismissal of all provisional employees who have served beyond the four-month limitation could seriously impede the disposition of essential public matters. As a practical matter, we are not presently requiring any such course of action. See, Robinson v. Cahill, 62 N.J. 473, 520-521 (1973), cert. *15 den. sub. nom. Dickey v. Robinson, 414 U.S. 976, 94 S.Ct. 292, 38 L.Ed.2d 219 (1973); Robinson v. Cahill, 67 N.J. 333, 347-348 (1975), cert. den. sub. nom. Klein v. Robinson, 423 U.S. 913, 96 S.Ct. 217, 46 L.Ed.2d 141 (1975). Nonetheless, the four-month limitation on the employment life of a provisional employee is the law. Government itself should be particularly assiduous in its observance. Moreover, where its violation works an injustice on a particular applicant for permanent appointment, as appellant contends it did here, prompt corrective measures should be taken. An administrative rule, protective of the rights of a fully qualified applicant for permanent appointment over those of a provisional employee, might well serve to mitigate the harsh results apparent in the present matter.[1] Failure to take such measures undermines the legitimate expectations of those who, by examination, have qualified themselves for permanent appointment and favors those who, in violation of statutory mandate, continue to hold jobs sought by the applicant. Situations such as the present not only appear unjust but are productive of effort and expense, public and private, attendant upon litigation with little countervailing benefit to either the applicant or the public.
*16 As to the contention that provisional employees are retained beyond the permitted statutory time in response to the demands of necessity, we can only refer that contention to the Legislature for their evaluation as to its validity about which we are unable, on this record, to make further comment.
Appeal dismissed.
NOTES
[1] For example, attention is directed to N.J.A.C. 4:1-14.2, which provides:

(c) No person shall receive more than one provisional appointment to the same position in any fiscal year unless scheduled examinations have failed to produce a list adequate to fill all such classes of positions then held on a provisional basis.
This rule facially conflicts with the command of N.J.S.A. 11:10-3 in that it places no time limitation on the employment tenure of provisional employees and in given circumstances permits more than one such appointment in any given fiscal year. The requirement of an "adequate" list, an apparent reference to N.J.A.C. 4:1-12.5 requiring the certification of three names without which the appointing authority need not appoint, when provisional employees serving beyond the statutory maximum occupy the position sought by the applicant, should receive renewed consideration. See also, N.J.S.A. 11:10-4 and N.J.A.C. 4:1-14.2(a).